UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANE ZHAO,<br>　　　　Plaintiff,<br>　v.<br>SUMIN TSAI, et al.,<br>　　　　Defendants. | Case No. 17-cv-07378-JCS<br><br>**ORDER GRANTING MOTION TO REMAND, REMANDING ACTION TO STATE COURT, AWARDING ATTORNEYS' FEES AND COSTS AND VACATING FEBRUARY 23, 2018 MOTION HEARING**<br><br>Re: Dkt. No. 10 |

This action was removed to federal court pursuant to 28 U.S.C. § 1441(b) on the basis of diversity jurisdiction. Presently before the Court is Plaintiff's Motion to Remand and for Attorney's Fees and Costs and to Strike Defendant's Answer and Cross-Complaint ("Motion"). The Court finds that the Motion is suitable for determination without oral argument pursuant to Civ. L. R. 7-1(b). The hearing noticed for **February 23, 2018 is vacated**. For the reasons stated below, the Motion is GRANTED.[1]

The requirements for diversity jurisdiction are set forth in 28 U.S.C. § 1332, which requires that the parties be citizens of different states and the amount in controversy exceed $75,000. To remove on the basis of diversity, however, a defendant also must comply with 28 U.S.C. § 1441. Subsection (b)(2) of 1441 clearly states: "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title *may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.*" 28 U.S.C. § 1441(b)(2) (emphasis added). This "local defendant rule" is

---

[1] The parties have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c).

procedural and therefore, a motion to remand must be brought within thirty days of removal. *Tourigny v. Symantec Corp.*, 110 F. Supp. 3d 961, 963 (N.D. Cal. 2015) (citing *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 939 (9th Cir.2006); 28 U.S.C. § 1447(c)).

Here, Plaintiff timely brought a motion to remand based, in part, on the local defendant rule. Further, Plaintiff alleged in the complaint that Defendants are residents of California and Defendants do not dispute that they are, in fact, California residents. Indeed, Defendants, who are represented by counsel, concede that there was no basis for removal of this action and that counsel simply "overlooked" this rule, which is well-established, black-letter law. *See* Opposition at 2. In other words, their removal of this action was entirely frivolous. Therefore, the Court GRANTS Plaintiff's request that the case be remanded to State Court.

Plaintiff also requests that the Court award reasonable attorneys' fees and costs incurred in connection with the wrongful removal of this action, pursuant to 28 U.S.C. § 1447(c). Under that section, the Court has discretion to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c); *see Moore v. Permanente Med. Grp., Inc.*, 981 F.2d 443, 448 (9th Cir. 1992)("An award of attorney's fees pursuant to section 1447(c) . . . is within the discretion of the district court, and bad faith need not be demonstrated."). In this case, Defendants concede that there was no legal basis for removal but nonetheless refused to stipulate to remanding the action to State Court because they were not willing to pay the attorneys' fees and costs incurred as a result of their own baseless action. *See* Docket No. 14-2. Further, while bad faith is not required, communications from Defendants' counsel shortly after the Complaint was filed reflect that Defendants' counsel did, in fact, act in bad faith, threatening to remove the action to federal court simply as an intimidation tactic and without any reasonable basis to believe that removal was proper. *See* Docket No. 10-1. Finally, based on the allegations in the Complaint, it is apparent that Plaintiff, who worked as a live-in nanny, has limited financial means. Complaint ¶ 10.

All of these factors support an award of attorneys' fees and costs incurred by Plaintiff as a result of the removal. The amount of the award will be determined separately by the Court in a subsequent order after Plaintiff has supplied a declaration and supporting evidence reflecting the

2

amount of attorneys' fees and costs incurred as a result of the removal. *See Moore*, 981 F.2d at 445-446 (holding that award of attorneys' fees and costs under 28 U.S.C. § 1447(c) is "collateral to the decision to remand" and therefore that the district court retains jurisdiction after the remand to decide a plaintiff's fee motion).

Plaintiff also requests that the Court strike Defendants' answer and counterclaim pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. Plaintiff has not demonstrated that that remedy is necessary. Therefore, the Court declines to strike those pleadings and leaves to the State Court the determination of the legal significance (if any) of those documents as this action goes forward.

Accordingly, the Court REMANDS this case to the Superior Court of the State of California, County of Contra Costa, and awards reasonable attorneys' fees and costs incurred as a result of the improper removal. Plaintiff shall file a declaration and supporting materials establishing fees and costs incurred as a result of removal no later than **February 9, 2018.** Defendants may file a response, not to exceed five (5) pages, that contains any reasonable objections to the amounts requested no later than **February 16, 2018**. The Court will determine the amount of fees and costs without oral argument.

**IT IS SO ORDERED.**

Dated: January 31, 2018

JOSEPH C. SPERO
Chief Magistrate Judge