UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANE ZHAO,<br>       Plaintiff,<br>    v.<br>SUMIN TSAI, et al.,<br>       Defendants. | Case No. 17-cv-07378-JCS<br><br>**ORDER AWARDING ATTORNEY'S FEES** |

## I. INTRODUCTION

On January 31, 2018, the Court granted Plaintiff's Motion to Remand and held that Plaintiff is entitled an award of attorney's fees and costs resulting from Defendants' wrongful removal of this action to federal court. Plaintiff has provided the Court with a declaration and supporting timesheets reflecting that her attorney, Mr. Lai, spent 12.6 hours on work associated with the removal, for which he seeks his customary hourly rate of $325/hour. Defendants have filed an opposition in which they object to both the rate and the number of hours requested. For the reasons stated below, the Court awards Plaintiff $2,795 in attorneys' fees.[1]

## II. DISCUSSION

Both federal and California courts have adopted the "lodestar" method for determining reasonable attorneys' fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see PLCM Grp. v. Drexler*, 22 Cal.4th 1084, 1095 (fee setting inquiry in California ordinarily begins with the lodestar). The lodestar figure is the product of the hours counsel reasonably spent on the case and a reasonable hourly rate. *Id.*; *Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1262 (9th Cir. 1987). While

---

[1] The parties have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c).

United States District Court
Northern District of California

the court is permitted to adjust the lodestar figure pursuant to a variety of factors, there is a strong presumption that the lodestar is reasonable. *Johnson v. Lin*, No. 2:13–cv–01484–GEB–DAD, 2016 WL 1267830, at *1 (E.D. Cal. Mar. 31, 2016). The fee applicant has the burden of producing satisfactory evidence that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation. *Jordan*, 815 F.2d at 1263. Decisions by other courts regarding the reasonableness of the rate sought may provide evidence to support a finding of reasonableness. *See Widrig v. Apfel*, 140 F.3d 1207, 1210 (9th Cir. 1998) (holding that a rate set by the district court based, in part, on the rate awarded to same attorney in another case, was reasonable). The fee applicant also must provide detailed time records justifying the hours claimed to have been expended. *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986).

Mr. Lai has submitted a declaration stating that he graduated from law school in 2008 and was admitted to practice in Wyoming in the same year. He was admitted to practice law in California in 2010. He worked for two years as a judicial law clerk in Wyoming, one year as a contract public defender for the State of Wyoming, and since May 2011, has been a solo practitioner in California. He relies on the *Laffey* Matrix and the Occupational Employment Statistics issued by the U.S. Bureau of Labor Statistics to show that the prevailing rate charged by attorneys in this District with experience comparable to his is $433.78. The *Laffey* Matrix is a "matrix of hourly rates for attorneys of varying experience levels and paralegals/law clerks [that is] prepared by the Civil Division of the United States Attorney's Office for the District of Columbia (USAO) to evaluate requests for attorneys' fees in civil cases in District Columbia Courts." Declaration of Plaintiff's Counsel, Ex. A (USAO Attorney's Fees Matrix – 2015-2018, Explanatory note 1).[2] The Court concludes that the rate of $325/hour that Mr. Lai seeks is in line with the prevailing rates in the San Francisco Bay area legal community and the rates reflected on the *Laffey* Matrix, adjusted for the higher hourly wage for attorneys in this

---

[2] The *Laffey* Matrix is not, as Defendants' counsel appears to believe, a table of rates mainly applicable to attorneys who work at the U.S. Attorney's Office. *See* Opposition ("However, the DOJ matrix is mainly for attorneys who are experienced trail [sic] lawyers, or for lawyers who have worked full time in the District Attorney's office that is well supported administratively, , [sic] the attorney who are submersed with trial and motion works without having to deal with business side of the office and office administrative matters").

community as compared to the rates in the District of Columbia. *See Borillo v. Legal Recovery Law Offices, Inc.*, No. 5:16-CV-05508-HRL, 2017 WL 1758088, at *5 (N.D. Cal. May 5, 2017), report and recommendation adopted, No. 16-CV-05508-LHK, 2017 WL 2265571 (N.D. Cal. May 24, 2017) (awarding a solo practitioner who was admitted to practice law in Georgia in 2009 and California in 2015 a rate of $350/hour).

The Court has also reviewed Mr. Lai's time sheets. *See* Declaration of Plaintiff's Counsel, Ex. C. The Court finds that the time Mr. Lai spent on the Motion to Remand – a total of 10.4 hours – is somewhat excessive given that the motion was short and the law straightforward. Therefore, the Court reduces the time requested by four hours. Otherwise, the Court finds the time requested to be reasonable. With this adjustment, the Court concludes that Mr. Lai is entitled to fees in the amount of $2,795.00, that is, 8.6 hours of work at a rate of $325/hour.

## III. CONCLUSION

The Court awards attorney's fees in the amount of $2,795.00 against Defendants for their frivolous removal of this action to federal court.

**IT IS SO ORDERED.**

Dated: February 20, 2018

JOSEPH C. SPERO
Chief Magistrate Judge

3